May 1st, 1905.

————o————

No. 3675.

(Court of Appeal, Parish of Orleans.)

WIDOW I. W. VAUGHT vs. W.M. H. HOWCOTT, ET. ALS.

Appeal from Civil District Court, Division "D."

Benj. Ory and G. W. Moore, for Plaintiff and Appellant.

W. W. Wall, for Defendant and Appellee.

1.  The jurisprudence under the Constitution of 1879 is to the effect, that an assessment together of two properties belonging to different owners is illegal, and that the sale made to the State under such an assessment is not cured by the prescribing of three years under the Act of 1874, or of five years under the Civil Code.

276

2. But the jurisprudence has ceased to be applicable since the adoption of the Constitution of 1898, which forbids the annulment of tax sales after three years for any cause whatever, except a dual assessment and anterior payment of taxes for which the property was sold, and these two are the only existing radical and incurable defects.

3. A dual assessment is one by which property is listed for taxation more than once in one year for the same tax, whether to the same or to different owners, and the expression does not include an assessment erroneously lumping properties belonging to different owners.

4. The property lying vacant, possession resulted from registry of title, and the State's vendee has the right to avail himself of the time which elapsed when the title was in the State.

5. More than three years having elapsed since that time, the title is barred from attack under the prescription established by the Constitution of 1898.

DUFOUR, J. Joseph J. Michel owned two squares of ground in the Seventh District of this City, respectively designated by the numbers 335 and 364.

On May 12th, 1853, he sold to plaintiff's author, Felix Walker, the first square, described as bounded by Hamilton, Haney (now Holly Grove), New (now Nelson) and Tenth (now Mobile) streets, measuring 300 by 300 feet.

On May 20th, 1853, he sold the second square, bounded by Hamilton, Haney (now Holly Grove), New (now Nelson) and Eleventh (now Apple) streets, measuring 300 by 300 feet, to a party who in 1855 resold to V. B. Gibbs, wife of Edward R. Poole.

This suit seeks to recover square 335 from the defendants, who hold by Auditor's deed under Act 80 of 1888, of date December 7th, 1899, and recorded May 17th, 1900.

The property and the origin of the State's title to it are stated as follows, in the deed:

"Two squares of ground and improvements thereon in the

277

Seventh District of the City of New Orleans, bounded by Hamilton, Holly Grove, Nelson and Tenth streets, designated as squares Nos 335 and 364, measuring 650 feet front by 300 feet in depth; said property was adjudicated to the State for unpaid taxes of the years 1881, 1882 and 1883, in the names of Felix Walker and V. B. Poole."

The plaintiff, sustained by ample authority, asserts that an assessment together of two properties belonging to different owners is illegal, and that the sale made to the State under such an assessment is not cured by the prescription of three years under the Act of 1874, and of five years under the Civil Code.

But that jurisprudence is not applicable since the adoption of the Constitution of 1898, which forbids the annulment of tax sales after three years for any cause whasoever, except the two specially excepted ones of dual assessment and anterior payment or taxes for which the property was sold.

These two now are the only radical and incurable defects.

The taxes were not paid, and the assessment, though erroneous and illegal, is not a dual assessment.

By a dual assessment, we understand one by which the property is listed twice in one year for the same tax, whether to the same or two different owners.

There was in this instance but one assessment, one tax, and one sale for one tax, and the defect or irregularity in the lumping of the properties is cured by the constitutional prescription.

The property was vacant and possession resulted from registry of title, the State acquired in 1885, and more than three years elapsed since the sale to the State and the institution of this suit. The State's vendee has the right to avail himself of the time which elapsed when the title was in the State.

Howcott vs. Simeon, 1 Court of Appeal, 54.

It is also asserted that "each lot being a distinct subject of taxa-

278

tion, two or more lots cannot be assessed and sold in gross, because the owner would thereby be deprived of the right to redeem either separately."

This admits of a two-fold answer: first, there is no question of redemption tendered, and, next, any so-called redemption after one year from date of sale would be permissive and not obligatory. It would be in reality a sale by the State of its own property on its own terms.

The plea of prescription must be sustained. Judgment affirmed. April 19th, 1905.

Application for rehearing, April 19th, 1905.